UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **LEVONNA WILKINS, individually and on behalf of all others similarly situated,** | ) ) ) ) **Case no.:** |
| **Plaintiff,** | ) ) |
| v. | ) ) **JURY TRIAL DEMANDED** |
| **TWIN TOWERS TRADING, INC., ALL SOURCE SALES GROUP, INC., JEFFREY BRANDON, and DONALD PORGES,** | ) ) ) ) ) |
| **Defendants.** | ) |

## CLASS ACTION COMPLAINT

Plaintiff, LEVONNA WILKINS, by her undersigned attorneys, complains against Defendants, TWIN TOWERS TRADING, INC. ("Twin Towers"), ALL SOURCE SALES GROUP, INC. ("All Source"), JEFFREY BRANDON, and DONALD PORGES, as follows:

## NATURE OF ACTION

1. Plaintiff brings this class action for unpaid wages earned, monetary damages, liquidated damages, declaratory and injunctive relief and other equitable and ancillary relief pursuant to the Illinois Minimum Wage Law ("IMWL"), 820 ILCS §105/1 *et. seq*. and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"). This action is brought as a state-wide class action under Fed. R. Civ. P. 23(b)(3).

2. Plaintiff and other similarly situated persons were employed by Defendants to sell their products by performing product demonstrations from a demonstration booth inside various stores. Defendants implemented a common scheme whereby Plaintiff and others were improperly paid on a commission-only basis and consequently not paid minimum wage for all

1

hours worked. And although Plaintiff and other similarly situated employees routinely worked in excess of 40 hours a week, Defendants did not pay them overtime for all hours worked in excess of 40 in a week. Defendants' scheme violated the IMWL and FLSA.

3. Defendants failed to pay proper wages to Plaintiff and others similarly situated because Defendants wrongly classified Plaintiff and others as outside sales employees when in fact they were not.

4. The similarly situated individuals who the Plaintiff seeks to represent are comprised of those persons working for Defendants performing in-store product demonstrations in Illinois who were paid on a commission-only basis. Defendants knowingly and willfully failed to pay their wages in accordance with applicable federal and state laws, including but not limited to minimum wage and overtime wages. Plaintiff seeks redress on behalf of herself and all others similarly situated. Plaintiff brings this as a state law class action under Fed. R. Civ. P. 23(b) (3).

## PARTIES

5. Plaintiff Levonna Wilkins is a citizen of Illinois.

6. Defendant Twin Towers is a Florida Corporation with its principal place of business in Florida.

7. Defendant All Source is a Florida Corporation with its principal place of business in Florida. Upon information and belief, All Source is a subsidiary or affiliate of Twin Towers.

8. Upon information and belief, Defendant Jeffrey Brandon is a citizen of Florida and owns or operates Twin Towers and All Source.

9. Upon information and belief, Defendant Donald Porges is a citizen of Florida and owns or operates Twin Towers and All Source. Twin Towers and its affiliates and subsidiaries are primarily in the business of selling various consumer products. These products are promoted

to consumers through product demonstrations by employees, such as Plaintiff, who set up booths in various stores and demonstrate the products to customers shopping at those stores.

## JURISDICTION AND VENUE

10. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331, this case arising under the laws of the United States, 28 U.S.C. § 1337, this action arising under Acts of Congress regulating commerce, and 28 U.S.C. § 1367. The Court has personal jurisdiction over Defendants pursuant to Federal Rule 4 (k)(1), in that Defendants have sufficient contact with the state of Illinois as they conducted business within the state. *See* 735 ILCS 5/2-209.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts complained of herein occurred in this district.

## CLASS DEFINITION

12. Plaintiff brings this action as a class action for all persons who at any point in the last 3 years were: (a) Illinois residents, (b) employees of Defendants who performed in-store product demonstrations; (c) paid on a commission-only basis; and (d) not paid minimum wage and/or overtime. (Hereinafter these persons shall be referred to as "putative class members").

## FACTS COMMON TO ALL CLAIMS

13. Plaintiff and the putative class members do not have a contract to perform work for the Defendants for a set period of time.

14. Plaintiff and the putative class members have the ability to work for Defendants indefinitely, subject to Plaintiff's and the putative class members' right to resign and Defendants' right to terminate them.

15. Plaintiff and the putative class members worked for Defendants performing product demonstrations at demonstration booths located inside various stores. The stores where

3

the demonstration booths were located were not the customers who purchased the products; rather, the patrons of those stores were the customers who purchased Defendants' products.

16. The work performed by Plaintiff and the putative class members is the primary way in which Defendants sell their products.

17. At or around the time of hiring, Defendants trained Plaintiff and the putative class members on the business of Defendants, the procedures to follow in presenting Defendants' products to potential customers, and the requirements for performing their job duties.

18. Defendants directed Plaintiff and the putative class members where and when to set up demonstration booths and assigned employees specific hourly shifts to work.

19. Defendants arranged the locations where Plaintiff and the putative class members would set up the demonstration booth and perform product demonstrations. Defendants arranged a regular and reoccurring circuit of stores for Plaintiff and the putative class members to perform product demonstrations in. Plaintiff and the putative class members spent a week performing product demonstrations at each store before moving to the next store on the circuit.

20. Plaintiff was employed by Defendants from May 20, 2013, through February 12, 2014. During her employment, Plaintiff worked approximately 56 hours a week. Putative class members were required by Defendants to work the same and/or similar hours based on a schedule which was fixed by Defendants and not controlled by the workers.

21. Plaintiff and members of the putative class were not paid minimum wage or overtime for the hours they worked but instead were paid on a straight commission-only basis.

22. As a result, during the time that Plaintiff worked for the Defendants, she never made even minimum wage.

23. The exact amount that Plaintiff and the putative class members' pay was below minimum wage and/or 1 ½ times their regular pay for their overtime compensation in each given week during their employment can be determined in part by Defendants' pay records, which Plaintiff will request during discovery.

24. Plaintiff and the putative class members were employees with Defendants.

25. Plaintiff and the putative class members were "non-exempt" employees under the state and federal wage and hour law, as nothing about their pay, title, duties, or anything else qualifies them for any exemption under state or federal law.

26. Non-exempt employees are entitled to a minimum wage for all hours worked and for overtime wages for all hours worked over 40 per week.

27. Plaintiff and the putative were not paid for all hours worked and were not paid overtime wages for the hours they worked over 40 per week.

## STATE-WIDE CLASS ALLEGATIONS

28. Plaintiff seeks to maintain this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of herself individually and on behalf of all other members of the Class who, during the relevant statute of limitations period, have worked for Defendants and who have been aggrieved, with respect to the claims pleaded in this Complaint.

29. Fed. R. Civ. P. 23(b)(3) provides that a cause of action may be maintained as a class action if:

> a) The class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;
>
> b) There are questions of law or fact common to the class which predominate over any questions affecting only individual members;
>
> c) The claims or defenses of the representative parties are typical of the claims or defenses to the class;

  d) The representative parties will fairly and adequately protect the interests of the class; and,

  e) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### Numerosity

30. Plaintiff satisfies the numerosity requirements as the proposed classes consist of potentially hundreds of class members. The proposed class includes all persons employed by Defendants in Illinois who did promotional work and who were not paid minimum wages or overtime wages. Since Defendants have numerous employees that were injured by Defendants' actions the class will likely include more than 75 members. The proposed class can be identified and located using Defendants' payroll and personnel records. Therefore, the class is so numerous that the joinder of all members is impracticable. Class members may be informed of the pendency of this action by direct mail based upon and/or published and broadcast notice.

### Common Questions of Fact or Law

31. There are questions of fact and law common to each class that predominate over any questions affecting only individual members. The common questions of law and fact arising from Defendants' actions include, without limitation, the following:

 (a) Whether the class members have been misclassified as outside sales employees;

 (b) Whether class members share similar job duties;

 (c) Whether Defendants paid class members for all hours worked;

 (d) Whether Defendants paid Class members overtime;

 (e) Whether Plaintiff and the Class regularly worked in excess of 40 hours per week;

 (f) Whether Defendants' practices violated the overtime and minimum wage provisions of the Illinois Wage and Hour Laws; and

(g) Whether Defendants' failure to pay minimum wages and overtime has been willful.

32. The questions set forth above predominate over any questions affecting only individual persons and a class action is superior with respect to consideration of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the controversy.

### Typicality

33. Plaintiff's claims are typical of the claims of the members of Class. Plaintiff suffered similar injuries as those suffered by other members of the Class she seeks to represent as a result of Defendants' illegal activities as described herein.

### Adequacy

34. Plaintiff is an adequate representative of the class she seeks to represent because she is a member of the class, and her interests do not conflict with the interests of the class. The interests of the class members will be fairly and adequately protected by the Plaintiff and her designated counsel. Plaintiff has hired competent attorneys who are experienced in class-action litigation of this type and who are committed to prosecuting this action.

### Superiority

35. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class-action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member may be relatively small, the expense and burden of individual litigation would make it difficult to bring individual claims. The presentation of

separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair, or impede the ability of class members to protect their interests.

## COUNT I
### (Failure to pay minimum wage in violation of the IMWL and the FLSA)

36. Plaintiff repeats and re-alleges the allegations set forth in the paragraphs above.

37. The members of the Class were entitled to minimum wages for the work they performed for Defendants.

38. Defendants failed to pay the members of the Class such owed minimum wages, in violation of the IMWL, 820 ILCS §105/1 *et seq*. and 29 U.S.C. §206.

39. The IMWL defines an employer as "any individual, partnership, association, corporation, limited liability company, business trust, governmental or quasi-governmental body, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, for which one or more persons are gainfully employed on some day within a calendar year. An employer is subject to this Act in a calendar year on and after the first day in such calendar year in which he employs one or more persons, and for the following calendar year." 820 ILCS §105/3. As such, Defendants meet the definition of an employer pursuant to Illinois Minimum Wage Law.

40. By the above-alleged conduct, Defendants failed to pay Plaintiff and the Class compensation, including minimum wages, as required by Illinois and federal law.

41. Plaintiff and the Class were Defendants' employees and were not exempt from the payment of these wages pursuant to Illinois wage hour laws.

42. Defendants acted willfully in violating the IMWL and the FLSA and Plaintiff and the Class were damaged by Defendants' wrongful conduct as alleged herein.

## COLLECTIVE ACTION ALLEGATIONS
## OF THE FLSA CLASS

43. Plaintiff reasserts and re-alleges the allegations set forth in each of the paragraphs above.

44. Plaintiff also seeks to maintain this suit as a collective action pursuant to 29 U.S.C §216(b) on behalf of herself and the following class of persons: (a) employees of Defendants who performed in-store product demonstrations; (b) paid on a commission-only basis; and (c) not paid minimum wage and/or overtime. (Hereinafter these persons shall be referred to as the FLSA Class.

45. All putative members of the class are similarly situated because, inter alia, they all had similar duties and performed similar tasks and were entitled under the FLSA to be paid for all hours worked and paid overtime for all work in excess of 40 hours per week; and had such rights undermined and negated by Defendant's unlawful practices and policies.

46. Defendant has encouraged, permitted, and required the registered nurses to work without overtime compensation.

47. Defendant has known that Plaintiff and other members of the FLSA Class have performed unpaid work and have been deprived of overtime compensation. Nonetheless, Defendant has operated under a scheme to deny the Plaintiffs and the Class all compensation for work in excess of 40 hours in a week.

48. Defendants' conduct, as alleged herein, was willful and has caused significant damage to Plaintiffs and other members of the FLSA Class.

## COUNT II
**(Failure to pay overtime in violation of the IMWL and FLSA)**

49. Plaintiff repeats and re-alleges the allegations set forth in the paragraphs above.

50. The IMWL and FLSA provide that unless exempt, an employee must be paid by an employer overtime wages equal to 1 ½ times the employee's regular rate of pay, for all hours worked in excess of 40 per week. Plaintiffs and the Class were not exempt.

51. Defendant is an employer under the IMWL and FLSA.

52. By the above-alleged conduct, Defendant failed to pay the members of Class compensation, including overtime compensation, as required by the IMWL and FLSA.

53. Defendants acted willfully in violating the IMWL and FLSA and Plaintiff and the Class were damaged by Defendants' wrongful conduct as alleged herein.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

A. Declare that this action may proceed as a collective action

B. Declare that this action may proceed as a class action;

C. Order the disgorgement of all monies improperly obtained by Defendants;

D. Award all actual damages suffered by Plaintiff and the Class;

E. Enter an order declaring that Defendant willfully violated the Illinois Minimum Wage Law and the Fair Labor Standards Act;

F. Award Plaintiff and the Class punitive damages, prejudgment interest, and post-judgment interest;

G. Award Plaintiff reasonable attorneys' fees as well as the costs of this action; and

H. Award such other and further relief as this Court deems necessary and proper, including but not limited to appropriate injunctive relief against any and all ongoing unlawful employment practices.

## **DEMAND FOR A TRIAL BY JURY**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues for which a jury trial may be had.

**LEVONNA WILKINS**

By: ____/s/ Terrence Buehler_____
      One of her Attorneys

| | |
|---|---|
| Terrence Buehler | Vincent L. DiTommaso |
| Touhy, Touhy & Buehler, LLP | Peter S. Lubin |
| 55 West Wacker Drive | Andrew C. Murphy |
| Suite 1400 | DITOMMASO ♦ LUBIN, P.C. |
| Chicago, Illinois 60601 | 17 W 220 22nd Street – Suite 410 |
| (312) 372-2209 | Oakbrook Terrace, Illinois 60181 |
| tbuehler@touhylaw.com | (630) 333-0000 |