UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEVONNA WILKINS, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> TWIN TOWERS TRADING, INC., ALL SOURCE SALES GROUP, INC., JEFFREY BRANDON, and DONALD PORGES, <br><br> Defendants. | Case no.: 15-cv-07028 <br> The Honorable Harry D. Leinenweber |

## JOINT MOTION FOR SETTLEMENT APPROVAL

Plaintiff Levonna Wilkins ( "Plaintiff") and Defendants Twin Towers Trading, Inc. ("Twin Towers"), All Source Sales Group, Inc. ("ASSG") and Jeffrey Brandon ("Brandon") (collectively, "Defendants"), by and through their respective counsel, jointly move the Court to approve the settlement agreed to by the parties and submitted to chambers for *in camera* review. In support of this Motion, the parties state as follows:

1. On August 12, 2015, Plaintiff filed her Complaint in this matter asserting overtime claims against her former employer Twin Towers under the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 115/1 *et seq*. ("IMWL"). [ECF No. 1]. Defendants filed Answers and Affirmative Defenses denying the substantive allegations on November 16, 2015. [ECF No. 37; Twin Towers and ECF No. 38, ASSG]. Defendant Brandon filed his Answer and Affirmative Defenses denying the substantive allegations on January 25, 2016 [ECF 45]. Plaintiff consented to the Dismissal of Defendant Porges in their Response to his Motion to Dismiss on February 19, 2016. [ECF 50]

1

2.      The parties recognize that *bona fide* disputes exist with respect to the extent of the Defendants' liabilities to Plaintiff, if any. After arms-length negotiations and the exchange of substantive information, the parties have agreed to a compromise between them in order to avoid the expense, inconvenience, uncertainty and delay of further litigation.

3.      As part of the parties' settlement discussions, they have exchanged a substantial amount of documentary information relating to Plaintiff's work history, hours and compensation as well as information applicable to Plaintiff and others in her job category. After both sides reviewed and analyzed the relevant information, the parties engaged in arms-length negotiations by and through counsel. The parties have now reached a mutually satisfactory settlement which all parties agree represents a fair and reasonable compromise of any and all of Plaintiff's claims, including but not limited to said claims under the FLSA and IMWL, for alleged back wages, including any applicable overtime, arising from her employment with Twin Towers.

4.      This case was brought as a putative Rule 23 Class Action and a putative collective action pursuant to 29 U.S.C. §§201 *et seq.* Based upon the facts and circumstances, it is the judgment of Plaintiff's counsel that this case is not appropriate for class treatment. No member of the Class or the Collective has sought to join the case. A dismissal of this case will serve to dismiss the class and collective allegations but it will not bar putative class members from pursuing claims in the future.

5.      When employees bring a private action against their former employer for alleged back wages under the FLSA, and the parties present to the district court a proposed settlement, the district court may enter a stipulated judgment dismissing the case after scrutinizing the settlement to ensure that it is a fair and reasonable resolution of a *bona fide* dispute over wages

under the FLSA and IMWL. *See Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986); *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).

6. Submitted herewith to chambers, for *in camera* review by the Court, is the Settlement Agreement entered into between Defendants and Plaintiff, as well as a draft Order Approving Settlement. Due to the negotiated confidentiality provisions contained therein, the parties respectfully request that this Settlement Agreement not become part of the record in this case.

7. The parties further jointly request that the Court approve the Settlement Agreement because it is a fair and reasonable resolution of *bona fide* disputes over wages under the FLSA and the IMWL.

8. In addition, the parties request that the Court dismiss this case with prejudice pursuant to the terms of the Settlement Agreement. The parties have also submitted a proposed order to that effect.

WHEREFORE, for the foregoing reasons, the Parties respectfully request that this Court enter an Order approving the Settlement Agreement as a fair and reasonable resolution of b*ona fide* disputes under the FLSA and the IMWL.

DATED: AUGUST 4, 2016.                              Respectfully submitted,

                                                    By: _____
                                                    Terrence Buehler
                                                    Touhy, Touhy & Buehler
                                                    55 W. Wacker Dr.
                                                    Suite 1400
                                                    Chicago, IL 60601
                                                    *Attorney for Plaintiff*

                                                    One of the Attorneys for Plaintiff

DATED: AUGUST 4, 2016.                    Respectfully submitted,


                                          Gene J. Brockland - #6193821
                                          Brian M. Wacker - #6302105
                                          100 N. Broadway, 14th Floor
                                          St. Louis, MO 63102
                                          (314) 231-6700
                                          (314) 231-4656 Fax

                                          Attorneys for Defendants


## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on August 4, 2016, the foregoing ***Joint Motion for Settlement Approval*** was filed electronically with the Clerk of Court using the ECF system, which sent notification of such filing to all counsel of record.


                                          /s/  Terrence Buehler